# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARYL ANTHONY SEAY,<br><br>Defendant. | Case No. CR 19-00063-ODW<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. § 3143(a)(1)] |

I.

On October 9, 2024, Defendant Daryl Anthony Seay made his initial appearance on the petition for revocation of supervised release and warrant for arrest issued on July 1, 2024. Deputy Federal Public Defender, ("DFPD"), Lisa LaBarre, specially appeared for DFPD Howard Schneider, who was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Clifford Mpare. Defendant submitted on the recommendation of detention in the report prepared by Probation and Pretrial Services.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that:

A. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ the petition alleges that Defendant was arrested on August 14, 2024 for and charged with possession of methamphetamine and drug paraphernalia while on absconder status. A bench warrant was issued on July 1, 2024, based on Defendant's repeated failures to participate in outpatient substance abuse treatment and counseling, report for random drug testing, use of controlled substances, and failure to report to his probation officer as directed.

B. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ allegations in the petition (see above);

☒ Defendant has a pending state matter involving drug possession.

III

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending further proceedings in this matter.

Dated: October 9, 2024

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE